# Exhibit A

Angilee K. Dakic, UT#12722
**PEARSON | BUTLER**
1802 South Jordan Parkway, Suite 200
South Jordan, Utah 84095
Tel: (801) 495-4104
Email: angilee@pearsonbutler.com
*Attorney for Plaintiff*
CreaProducts, Inc.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| CREAPRODUCTS, INC., <br>     Plaintiff, <br><br> v. <br><br> SIDELINX, LLC., <br>     Defendant. | **AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **JURY REQUESTED** <br><br> Civil Action Case No. 2:20-cv-00848-HCN <br> Judge: Cecilia M. Romero |

Plaintiff, CreaProducts (the "Artist"), by and through its undersigned counsel, for its Complaint against Defendant, and alleges as follows:

### GENERAL ALLEGATIONS, JURISDICTION AND VENUE

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright law of the United States (17 U.S.C. §101 et. seq.).  As set forth in greater detail below, this action involves the unauthorized copying and use of copyrighted images "Images 1 - 47" (hereinafter the "WORK") by Defendants.  The WORK has significant value and has been produced and created with considerable time and expense to the Artist.  The Artist has reserved all rights in the WORK under Copyright Registration Number VA 1-841-748.  See attached **Exhibit A**.  The Artist solely has the registered copyright therein.

2.    Accordingly, this Court has subject matter jurisdiction under, inter alia, 17 U.S.C. §101 et seq.; 28 U.S.C. §1331(federal question); and 28 U.S.C. §1338(a)(copyright).

3.    The manner of the transfer and copying of the WORK was accomplished by a company called Sidelinx, LLC. or "Sidelinx."

4.    On July 14, 2020, the Artist was looking on the internet at www.amazon.com and discovered a product like the Artist's CreaClip product.  The similar product is produced by Sidelinx and is called the SnipClip.  The Artist and other individuals known by the artist ordered the SnipClip.  Sidelinx had removed the instructions sheet from the order placed by the Artist, but the instructions sheet was included in the orders to the other individuals.  Upon inspection of the SnipClip product, it was obvious that Sidelinx had copied photographs/images of the Work. Sidelinx copied numerous photos and illustrated images of the Artist's hair models who are using the CreaClip product.   Specifically, Sidelinx copied illustrated images, as well as images from a still photos and video tutorials posted on CreaClip's website at https://creaproducts.com/ collections/layers.  This video was also posted on YouTube on April 27, 2010.  The copied images are very obviously a replica of CreaClip's hair model, including a photograph of a woman in a purple shirt using the CreaClip product on her hair.   There is specific detail from the CreaClip photograph, including the wrinkles in the woman's shirt and ruffle sleeve:




CreaClip Photograph                                    SnipClip Illustration

5.   This infringing SnipClip image is depicted on the instruction sheet for the CreaClip

product and copied and included on the SnipClip instruction sheet. This is just one example, when

in fact, there are at least 47 comparisons of images that are copied.  See attached **Exhibit B**.  Thus,

the Artist filed a notice with Amazon.com and requested a takedown under the Digital Millennium

Copyright Act ("DMCA").  The DMCA notice and takedown process is a tool utilized by copyright

holders to get user-uploaded material that infringes their copyrights taken down from websites.  If

the website fails to remove the material, they open themselves up for liability for assisting with

copyright infringement.  Amazon.com removed the SnipClip listings from its website.

6.   On August 27, 2020, a cease and desist letter was sent by the Artist's attorney to

Sidelinx.  Despite the cease and desist demand, Sidelinx continued to willfully sell and profit from images copied from the WORK.

7.   On August 31, 2020 Sidelinx sent a responsive letter denying their infringement and stating that they will continue "doing business lawfully" and take action "against CreaProducts." Sidelinx then relisted their infringing products on Amazon.com and was also discovered on the Canadian Amazon.com site.  The Artist again purchased one of the products and confirmed that the SnipClip product instruction sheet still contains the infringing images. The Artist again gave notice to Amazon.com and requested a DMCA takedown of the SnipClip Product.  Amazon.com again removed the SnipClip product from its website.

8.   On October 20, 2020 Sidelinx then sent the Artist an email stating that it would "have no choice but to retaliate" and have the Artist's products removed from Amazon.com.  Sidelinx then relisted their products and again the Artist has requested that the listings be removed.

9.   On information and belief, personal jurisdiction in this District is proper because the Defendant has minimum contacts with Utah and has availed itself to this jurisdiction, and without consent or permission of the Artist as exclusive rights owner, within this District, reproduced, distributed, and offered to distribute via Amazon.com to this jurisdiction, the copyrighted WORK for which The Artist has exclusive rights.

10. Venue and territorial jurisdiction in this District are proper under, inter alia, 28 U.S.C. §1391(b) and 28 U.S.C. §1400 (a).

## THE PARTIES

11. The Artist brings this action to stop Defendant from copying and distributing to others unauthorized copies of the Artist's copyrighted WORK.  Defendant's infringement allows them and others to unlawfully obtain and distribute the WORK and make a profit therefrom. The Defendant copied multiple illustrations and photographs from the Artist's registration and instruction sheet and included it on its own instruction sheet.  The Defendant's also copied an image that is published in the Artist's copyrighted book— Take the Next Step: Secrets to Creating Success and Manifesting Your Dreams.  See attached **Exhibit C**.  The Defendants' distribution of the WORK has caused The Artist's WORK to be instantaneously exposed and distributed to a limitless number of people within the United States and Internationally both in stores and online. The Artist now seeks redress for this infringement of its exclusive rights.

12. The Artist is the owner of the Copyright Registration No.VA 1-841-748 (the '748 Registration) for the Work. Application for the '748 Registration was filed on September 6, 2012, which is also the effective date of registration.  The pertinent exclusive rights under copyright in the United States in the WORK has been unlawfully utilized, published, and distributed to the public by the Sidelinx.

13.  As to each and every claim in this complaint, Artist respectfully seeks all of the following damages and remedies to the extent under governing legal authority: equitable, injunctive, declaratory, monetary, special, statutory, treble, actual, consequential, nominal, and punitive.

14. All rights, remedies, damages, requests, prayers, orders, and judgments sought in this complaint, regardless of where set forth, are stated as follows: as relevant; without limitation; without an attempt to exhaustively list all possible remedies; without any implied attempt or request to exclude other available remedies; severally; in the alternative, with the purpose of maximizing cumulative recovery as to all successful claims after adequate discovery and updated calculation; and as necessary, subject to proof.

15. The harm to the Artist arising from the acts by Defendants set forth in this complaint is not fully compensable or adequately remedies by monetary or legal damages alone.  Artist has suffered and continues to suffer irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendants is preliminarily and permanently enjoined.

16. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Royal hereby demands a jury trial on all its claims and issues so triable.

## COUNT I

## COPYRIGHT INFRINGEMENT

17. The WORK is displayed by The Artist daily on her website, in online tutorials, on her instruction sheet, and in her published book.  The images online are visible as still images, and video images, with a multitude of views every day.   The video tutorial of the WORK is also featured on YouTube and it has been viewed more than 753,100 times.  Thus, the WORK has significant value and has been produced and created at considerable time and expense. The Artist is the sole author of the WORK because her hired photographer, Teley Brandon, shot the still

images and Videographer, Jicky Ferrer, filmed this video tutorial during a commercial photoshoot on January 27, 2010.  The WORK was independently created by The Artist and the WORK incorporates  a high degree of creativity, comprising complex and intricate 2-D photographs and video footage. Refer to **Exhibits B & C**.

18. At all relevant times, The Artist has been the holder of the pertinent exclusive rights infringed by Sidelinx, as alleged hereunder, including but not limited to the copyrighted WORK, including derivative works.  The Copyrighted WORK is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.  (Refer to **Exhibit A**).

19. Sidelinx without permission or consent of The Artist, has copied and appropriated the WORK and depicted it on its instruction sheet.   On information and belief, Sidelinx had a right and ability to supervise production of the infringing articles and had a direct financial interest in such activities. On information and belief, Sidelinx had knowledge of the infringing activity and induced, caused, or materially contributed to the infringing conduct. On information and belief, Sidelinx has printed and distributed a least five thousand (5,000) instruction sheets included with their SnipClip product and sold and distributed throughout the United States, Canada, and other parts of the world. The images used by Sidelinx on their instructions sheet are strikingly similar to the WORK and include overwhelming probative similarities to the WORK as only minor changes to the WORK were affected by Defendants in producing the infringing images (i.e., converting the photo to an illustration through copying).   Sidelinx has violated The Artist's exclusive rights of use and distribution.  Sidelinx's actions constitute infringement of The Artist's Exclusive rights

protected under the Copyright Act 17 U.S.C. §106 because they reproduced the copyrighted work, prepared derivative works based thereon, and distributed the copies to the public by sale.

20. On information and belief, Sidelinx deliberately used and/or distributed the WORK.  On information and belief, Sidelinx utilized the Internet for the unlawful purposed of viewing and distributing copyrighted materials. On information and belief, Sidelinx directly, contributorily, and/or vicariously infringed on the WORK.

21. The foregoing acts of infringement constitute a willful, intentional disregard of and with indifference to, the rights of The Artist.

22. Sidelinx's infringement of The Artist's exclusive rights under copyright, The Artist is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

23. The conduct of Sidelinx is causing and, unless enjoined and restrained by this Court, will continue to cause The Artist irreparable injury.  The Artist has no other adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, The Artist is entitled to injunctive relief prohibiting each Defendant from further infringing The Artist's copyright and ordering that Sidelinx turn over to the court and/or destroy all unauthorized copies of the Copyrighted WORK.

## COUNT II

## COPYRIGHT MANAGEMENT INFORMATION

24.  In this case, Sidelinx violated 17 U.S.C. §1202 (b)  as defined in Section (c), which states:

**(b)** **REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION.—**No person shall, without the authority of the copyright owner or the law—
**(1)** intentionally remove or alter any copyright management information,
**(2)** distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
**(3)** distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

**(c)** **DEFINITION.—**As used in this section, the term "copyright management information" means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work:

**(1)** The title and other information identifying the work, including the information set forth on a notice of copyright.

**(2)** The name of, and other identifying information about, the author of a work.

**(3)** The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.

24. Sidelinx removed the CREACLIP mark from the instructions sheet, added the SnipClip mark to the instructions sheet, changed some of the language and depicted the CreaClip photos of the WORK as illustrations on the instruction sheet.  Sidelinx also utilized an image from the Artist's copyrighted book— Take the Next Step: Secrets to Creating Success and Manifesting Your Dreams. Refer to **Exhibit C.**

The use of the image from the book by Sidelinx did not identify CREACLIP as the Artist, but instead used it as if it had authored the work, owned the work, and with no mention or intent to identify the actual owner/the Artist.   Sidelinx utilized that image as its own despite the printed copyright attached to that image via the publication of that book.

25. By removing the CREACLIP mark and adding the SnipClip mark to the instructions sheet in reference to the WORK, the identity of the author is altered, but even more relevant— utilizing the image from the author/Artist's published and copyrighted book constitutes removal of copyright management information.

27.  Sidelinx misappropriated the Artist's WORK, had the WORK printed on instruction sheets, then sold with its SnipClip product. Sidelinx knew that by printing the illustrations of the Artist's photographs,  then selling with its products throughout the world via the internet, it would induce, enable, facilitate, or conceal the Artist's exclusive rights in the WORK.

28.  Based hereon, the Artist is entitled to recover actual and statutory damages from Sidelinx under 17 U.S.C. §1203.

## **PRAYER FOR RELIEF**

**WHEREFORE,** The Artist prays for an order, ruling, judgment, and remedy against Sidelinx and relief as follows:

A.   For entry of permanent injunctions providing that Sidelinx shall be enjoined from directly or indirectly infringing The Artist's rights in the Copyrighted WORK, including without limitation by using the Internet to advertise any item containing the WORK, or reproduce

additional items containing the WORK, or any further use of the WORK at all, except with the express authority of The Artist.  Sidelinx shall also destroy any and all physical items, digital, or other copies of the WORK in its possession, custody or control.

B.   For entry of a permanent injunction prohibiting Sidelinx from using its prior listing on Amazon.com as the consumer reviews and consumer-base are residual from products containing the infringed images.

C.   In favor of the Artist against Sidelinx, findings that they have: 1) willfully infringed the Artist's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and 2) otherwise injured the business of The Artist by Sidelinx's acts and conduct set forth in this Complaint.

D.   In favor of the Artist against Defendant/Sidelinx actual damages and statutory Damages pursuant to 17 U.S.C. §504 and 17 U.S.C. §1203, at the election of the Artist, in an amount to be determined at trial, but not less than $650,000.00.

E.   In favor of the Artist and against Defendant/Sidelinx, an order and judgment awarding the Artist/CreaProduct's attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and costs of this action.

F.   In favor of the Artist and against Sidelinx, awarding the Artist such  further declaratory, injunctive and other relief as may be just and proper under the circumstances.

DATED this 9th day of May, 2022.

By Pearson Butler, LLC

*/s/ Angilee K. Dakic*_____
Angilee K. Dakic
*Attorney for Plaintiff*

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-841-748

**Effective date of registration:**

September 26, 2012

## Title

|  |  |
|---|---|
| **Title of Work:** | CREAPRODUCTS 1 |

## Completion/Publication

|  |  |  |  |
|---|---|---|---|
| **Year of Completion:** | 2012 | | |
| **Date of 1st Publication:** | September 5, 2012 | **Nation of 1st Publication:** | United States |

## Author

|  |  |  |  |
|---|---|---|---|
| **Author:** | CREAPRODUCTS INC | | |
| **Author Created:** | text, photograph(s), 2-D artwork | | |
| **Work made for hire:** | Yes | | |
| **Citizen of:** | United States | **Domiciled in:** | United States |

## Copyright claimant

|  |  |
|---|---|
| **Copyright Claimant:** | CREAPRODUCTS INC |
| | P.O. Box 8534, Honolulu, HI, 96830, United States |

## Rights and Permissions

|  |  |  |  |
|---|---|---|---|
| **Organization Name:** | Webb IP Law Group, PLLC | | |
| **Name:** | Jason Webb | | |
| **Email:** | dok@webbiplaw.com | **Telephone:** | 866-273-0388 |
| **Address:** | 1204 W South Jordan Parkway, Ste. B2 | | |
| | South Jordan, UT 84095 United States | | |

## Certification

|  |  |
|---|---|
| **Name:** | Jason P. Webb |
| **Date:** | September 25, 2012 |
| **Applicant's Tracking Number:** | 3540.5.1 |

|  |  |
|---|---|
| **Correspondence:** | Yes |

**Registration #:**  VA0001841748
**Service Request #:**  1-827665091



Webb IP Law Group, PLLC
Jason Webb
1204 W South Jordan Parkway, Ste. B2
South Jordan, UT 84095  United States

SnipClip Images (Infringer)                    CreaClip Images (Artist/Author)

Image Set/Figure 1

   

Image Set/Figure 2

   

Image Set/Figure 3

 

Image Set/Figure 4

 

Image Set/Figure 5




Image Set/Figure 6




STRAIGHT BANGS

Image Set/Figure 7

 

Image Set/Figure 8

 

Image Set/Figure 9

 

Image Set/Figure 10




Image Set/Figure 11




Image Set/Figure 12




Image Set/Figure 13

 

Image Set/Figure 14



Image Set/Figure 15

 

Image Set/Figure 16

 

Image Set/Figure 17

 

Image Set/Figure 18

 

Image Set/Figure 19

 

Image Set/Figure 20

 

Image Set/Figure 21

 

Image Set/Figure 22

 

Image Set/Figure 23

 

Image Set/Figure 24




Image Set/Figure 25




Image Set/Figure 26




Image Set/Figure 27

 

Image Set/Figure 28

 

Image Set/Figure 29

 

Image Set/Figure 30

 

Image Set/Figure 31

  

Image Set/Figure 32

 

Image Set/Figure33




Image Set/Figure 34




Image Set/Figure 35




Image Set/Figure 36

 

Image Set/Figure 37

 

Image Set/Figure 38

 

Image Set/Figure 39




Image Set/Figure 40




Image Set/Figure 41




Image Set/Figure 42

 

Image Set/Figure 43

 

Image Set/Figure 44

 

Image Set/Figure 45

 

Image Set/Figure 46

 

Image Set/Figure 47

 

"Mai will ignite your entrepreneurial spirit
and fuel your burning desires!"
— Sharon Lechter, CPA CGMA
author of *Think and Grow Rich for Women*

# TAKE THE
# NEXT STEP

## SECRETS TO CREATING SUCCESS
## AND MANIFESTING YOUR DREAMS

## MAI LIEU



Copyright © Mai Lieu 2014

All rights reserved. No part of this book
may be reproduced or transmitted in any form
without the permission of the publisher in writing.

Cover & text design by Tania Craan
Cover Photo © Alfonso Cacciola
Author photograph courtesy of Jason Dziver

Library and Archives Canada Cataloguing in Publication

Lieu, Mai, author
Take the next step : secrets to creating success and manifesting
your dreams / Mai Lieu.

Issued in print and electronic formats.
ISBN 978-1-927897-10-2 (pbk.).
ISBN 978-1-927897-11-9 (pdf)

1. Success in business.  2. Entrepreneurship.  3. Lieu, Mai.
I. Title.

HF5386.L44 2014        650.1        C2014-905711-3
                  C2014-905712-1

Published in Canada by Be That Books® Publishing

ISBN 10: 1-9278971-0-2
ISBN 13: 978-1-9278971-0-2
Printed and bound in Canada



TAKE THE NEXT STEP



*The CreaClip in action!*

Fortunately, I had made some very supportive friends in Hawaii, so I decided to form a focus group to get feedback on my product. I made sure I asked positive friends. This is a key factor in taking the next step toward creating success, which I will be discussing in more detail in chapter 2. My friend Tina was always very positive and I knew she would always say supportive things. That's what I needed to hear because it gave me confidence!